UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANICE PARNELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-02115-TWP-MG |
| | ) |
| REPUBLIC SERVICES, | ) |
| KEENAN GIBBONS, | ) |
| PAUL CARDINAL, | ) |
| ANDY DE LA CRUZ, | ) |
| | ) |
| Defendants. | ) |

**ENTRY GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*,
SCREENING COMPLAINT, AND DIRECTING SERVICE**

On November 27, 2024, *pro se* Plaintiff Janice Parnell ("Parnell") initiated this action by filing her fill-in-the-blank Complaint for Employment Discrimination against Defendants Republic Services ("Republic"), Keenan Gibbons ("Gibbons"), Paul Cardinal ("Cardinal"), and Andy De La Cruz ("De La Cruz") (Dkt. 1). This matter is now before the Court on Parnell's Request to Proceed in District Court Without Prepaying the Filing Fee (Dkt. 2) and for screening of her Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### I.   DISCUSSION

**A.   Filing Fee**

Parnell's application for leave to proceed in forma pauperis without prepaying fees or costs (Dkt. 2) is granted. While *in forma pauperis* status allows a plaintiff to proceed without prepayment of the filing fee, the plaintiff remains liable for the full fees. *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) (*in forma pauperis* litigants remain liable for the filing fee; "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the pre-payment of fees"). The Court does not have the

authority to waive the filing fee, and it remains due despite Parnell's *in forma pauperis* status. *Fiorito v. Samuels*, 2016 U.S. Dist. LEXIS 84869, at *5 (C.D. Ill. June 30, 2016) ("[c]ourt does not have the authority to waive a filing fee"); *McDaniel v. Meisner*, 2015 U.S. Dist. LEXIS 106067, at *12 (E.D. Wis. Aug. 12, 2015) (same). The filing fee for in forma pauperis litigants is $350.00. No payment is due currently; however, the $350.00 balance remains owing.

B. <u>Screening</u>

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. The Seventh Circuit has explained,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, *in the hands of an imaginative reader*, might suggest that something has happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

C. <u>Parnell's Complaint</u>

On her fill-in-the-blank Complaint form, Parnell checked the boxes for employment discrimination based upon Title VII of the Civil Rights Act of 1964 for "failure to promote me" based on race and color, and for "retaliation." (Dkt. 1 at 6–7). Parnell alleges that she is an African American woman who has been employed with Republic since 2016. *Id.* at 7. In January 2022, Defendant Gibbons became Parnell's sales manager, and within six months, Parnell began experiencing discriminatory treatment. Parnell alleges that under Gibbons' leadership, a team of

five African American members was reduced to just her. Parnell further alleges that she was treated worse than her white colleagues on several occasions. Specifically, Parnell claims she was given only a $500.00 bonus instead of $40,000.00 in commissions for resolving customer issues, whereas a white colleague in a similar situation received "fair compensation." *Id.* The Complaint also states that since Gibbons became a manager, sales leads have been disproportionately assigned to white employees. Additionally, Parnell alleges she was placed on a performance improvement plan based on "inaccurate allegations including being held responsible for accounts managed by [her] Caucasian colleagues," even though Parnell disproved many of the allegations and similar discrepancies were overlooked for non-Black employees. *Id.* Parnell further alleges: she was denied a merits-based increase in pay despite outperforming her white peers with lower evaluations, who did receive increases; that her request to work remotely was denied even though she "met all [her] goals," but requests by white colleagues were granted despite not having met their goals; and that her mileage reports were scrutinized and she was accused of dishonesty, but her white colleagues' reports were not similarly monitored. *Id.* at 7–8.

Parnell also alleges that she filed a discrimination complaint through Republic's complaint system, but despite providing substantial evidence, her complaint was dismissed "without adequate explanation." *Id.* at 8. Parnell claims that "[t]hrough out this period, Gibbons demonstrated clear favorites toward Caucasian employees by offering more support, assigning them leads, and shielding them from disciplinary actions." *Id.*

At this time, the Court has not determined that Parnell's claims against Republic and Gibbons must be dismissed pursuant to § 1915(e), so those claims **shall proceed**. This ruling is without prejudice to the filing of a proper Rule 12 motion. However, Parnell's Complaint does not

3

make any mention of Cardinal or De La Cruz, and it does not assert any plausible claims against either of them. Therefore, Parnell's claims against Cardinal and De La Cruz are **dismissed**.

**D.    Service of Process**

Because Parnell is proceeding *in forma pauperis*, Federal Rule of Civil Procedure 4(c)(3) requires the Court to order service for Plaintiff. Accordingly, the **Clerk is designated** pursuant to Rule 4(c)(3) to issue process to Defendants Republic Services and Keenan Gibbons in the manner specified by Rule 4(d). Process shall consist of the Complaint (Dkt. 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

## II.    CONCLUSION

For the reasons explained above, Plaintiff's Request to Proceed in District Court Without Prepaying the Filing Fee (Dkt. 2) is **GRANTED**. Having screened the Complaint, the Court finds that the claims against Cardinal and De La Cruz are subject to dismissal for lack of jurisdiction, but the claims against Republic and Keenan Gibbons need not be dismissed pursuant to § 1915(e). Accordingly, Plaintiff's claims against Cardinal and De La Cruz are **DISMISSED** without prejudice, and the **Clerk is directed** to terminate Paul Cardinal and Andy De La Cruz as defendants on the docket. Plaintiff's claims against Republic and Gibbons **SHALL PROCEED**. The **Clerk is designated** pursuant to Rule 4(c)(3) to issue process to Republic and Gibbons in the manner specified by Rule 4(d). Process shall consist of the Complaint (Dkt. 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**SO ORDERED**.

Date:   12/10/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JANICE PARNELL
7547 Cole Wood Blvd.
Indianapolis, IN 46239

Republic Services
832 Langsdale Avenue
Indianapolis, IN 46202

Keenan Gibbons
832 Langsdale Avenue
Indianapolis, IN 46202